# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| Christopher Wilcher, ) | |
| ) | |
| Plaintiff, ) | Civil Action File No.: |
| ) | |
| vs. ) | |
| ) | |
| ) | **COMPLAINT WITH** |
| Live Oak Financial, Inc., ) | **JURY TRIAL DEMAND** |
| d/b/a CBV Collections Albany, ) | |
| ) | |
| Defendant | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.

## PARTIES

1. Plaintiff, Christopher Wilcher, is a natural person who resides in Dougherty County, Georgia.

1

2. Defendant, Live Oak Financial, Inc., is a Georgia Corporation and can be served through its registered agent Brad Hallford, 2401 Dawson Road, Suite B6, Albany, Georgia 31707.

3. Defendant conducts business through a number of aliases including CBV Collections Albany, CBV Collections, Inc., and Credit Bureau of SW GA.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

6. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. Venue is proper in the Albany Division because the conduct complained of herein occurred in Sumter County.

## FACTUAL ALLEGATIONS

8. Plaintiff is a 43-year-old man with deteriorating health. He is disabled, unable to engage in competitive employment, and is in the process of obtaining disability insurance benefits through the Social Security Administration.

9. Plaintiff is allegedly obligated to pay a consumer debt arising out of medical services and is, therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

10. Defendant is a collection agency specializing in the collection of consumer debt.

11. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

12. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

13. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. Since becoming disabled, the Plaintiff has fallen behind on certain consumer debts, primarily related to medical treatment.

15. In November, 2021 Plaintiff accessed his credit report as published by Transunion. In reviewing that report he noted a number of negative tradelines reported by "Credit Bureau of SW GA" (CBSWG) that he did not recognize.

16. On December 8, 2021, the Plaintiff initiated a telephone call to the number for CBSWG to obtain more information about the accounts in collection. At that time, he was connected with an individual identifying themself as an agent of Defendant.

17. After verifying the Plaintiff's identity, Defendant confirmed that it was collecting 55 separate accounts totaling $11,952.54 on behalf of Phoebe Putney and Phoebe Physician Group. Defendant went on to state that a number of the accounts had been reported to Plaintiff's credit file.

18. The Plaintiff asked if these accounts incurred any interest or fees. Defendant responded by advising Plaintiff that the only time fees are added is when the account goes to its "legal department".

19. The Plaintiff naturally believed this statement to mean that Defendant did indeed have a legal department and thus the ability and authority to institute legal process.

20. The Plaintiff sought to avoid such a development. Knowing that paying $11,952.54 at one time was impossible, Plaintiff asked about making monthly payments.

21. Defendant responded that it required a minimum payment of $60.00, notwithstanding the fact that at least 19 of the accounts in collection are less than $60.00.

22. In addition, Defendant advised Plaintiff he must add a $5.00 "processing fee" to any payment he makes. For many of the accounts, the processing fee is equal to or greater than 30% of the individual debt being collected.

23. Defendant did not advise Plaintiff that any funds paid would be applied to his accounts nor did it advise him of any way the processing fee could be avoided.

24. The fees propounded by Defendant, when applied to Plaintiff's debt, increased his total cost by $996.00.

25. Defendant does not have a "legal department". Nor does it otherwise have the ability or authority to institute legal process. Its representations and intimations to the contrary were objectively false and materially misleading.

26. The Defendants representation and intimation that it could not accept any payment less than $60.00 was objectively false and materially misleading.

27. The Defendant's assessment of a processing fee is not permitted under the Plaintiff's agreement with the service providers, nor is it otherwise permitted under the law. Defendant's representation that Plaintiff must pay this fee was objectively false and materially misleading.

28.     On December 15, 2021 Plaintiff caused to be sent to the Defendant a letter, reproduced below, advising he would not be paying on the 55 accounts in collection.

> **Christopher Wilcher**
> ███████
> Albany, GA 31721
>
> December 15, 2021
>
> CBA of SW GA
> PO BOX 1966
> ALBANY, GA 31702
>
> Referencing Account: Phoebe Physician Group:55 accounts totaling: $11,952.34
> SSN: 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
>
> I have been contacted about accounts that I had with Phoebe Physician Group. These are not the only debts I have unfortunately. I have had <u>inconsistent</u> income and will not be paying on these accounts. I have had interruptions in my <u>income</u> and I have had to deal with other personal difficulties.
>
> Thank you,
>
> **Christopher Wilcher**

29.     This letter was sent to the address posted by Defendant as its contact address in each of the tradelines it reported to Transunion.

30.     Per the United States Postal Service, Plaintiff's letter was delivered to Defendant on December 27, 2021.

31. The Fair Debt Collection Practices Act provides an indisputable means by which a consumer may discontinue most communications from a collector, thereby preserving their peace. 15 U.S.C. § 1692c.

32. The act states specifically, "If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt, or if the consumer wishes the debt collector to cease their communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt. 15 U.S.C. § 1692c(c).

33. The statute further provides three exceptions related to future communications that include the debt collector advising the consumer that further efforts are being terminated, that the collector may invoke specified remedies which are ordinarily invoked by such a debt collector, or that the debt collector intends to invoke a specified remedy.

34. Plaintiff's statement that he will not be making a payment on the account was a refusal to pay the account.

35. Plaintiff's written correspondence was sent to Defendant with the intention that Defendants cease contacting Plaintiff about the debt.

36. The FDCPA does not require Plaintiff's refusal to pay to be unconditional, nor does it require that Plaintiff's wish to be left alone be stated in the

most general terms. *See Barnes v. Seterus, Inc.*, 2013 U.S. Dist. LEXIS 180418, at *4-5 (S.D. Fla. Dec. 26, 2013).

37.  The ordinary meaning of refuse does not encompass an unalterable rejection and the FDCPA does not require that the consumer use any specific language or magic words to tell a debt collector to cease communication. *Bishop v. I.C. Systems, Inc.*, 713 F. Supp. 2d 1361, 1367-68 (M.D. Fla. 2010).

38.  Notwithstanding the written notice provided to the Defendant described herein, Defendant continued to contact the Plaintiff. Specifically, on January 3, 2022 Defendant caused to mailed to the Plaintiff 55 separate letters, one for each account in collection. Each of these contains the admonition "Unless we receive payment in full within the next 10 days, this account may remain or may be placed on your credit file." by Defendant. A representative reproduction of these letters is reproduced below:

LIVE OAK FINANCIAL INC.
P.O. BOX 70398
ALBANY, GEORGIA 31708
(229)883-7300
TOLL FREE 1-800-288-7305

01-03-22

CHRISTOPHE L WILCHER
███████████████
ALBANY GA 31721-6530


CREDITOR: PHOEBE PHYSICIAN GROUP INC
AMOUNT OWED: $      40.00
OWING SINCE: 09-14-21
ACCOUNT: #2993149

Dear Consumer:

Enclosed please find verification of charges concerned with the above referenced account.

If you still feel that these charges are not just you may put a consumer statement on your credit file. This consumer statement must be in one hundred words or less and must be sent to:

    Equifax Credit Information Services
    PO Box 740241
    Atlanta, GA. 30374-0241

Unless we receive payment in full within the next ten days, this account may remain or may be placed on your credit file.

If you have any further questions, please address them to my personal attention.
Our office hours are Monday thru Friday 9:00 am to 5:00 pm.


Sincerely,


MAGGIE FRAZIER
UNIT MANAGER

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

V1

39. Defendant's letter does not advise the Plaintiff that further collection efforts are being terminated.

40. Defendant's letter does not advise the Plaintiff that either Defendant or the creditor are invoking specified remedies which are ordinarily invoked by Defendant or the creditor.

41. Defendant's letter does not advise the Plaintiff that either Defendant or the creditor intends to invoke a specified remedy

42. Defendant's letters, are not subject to the exceptions described in 15 U.S.C. § 1692c(c)(1), (2), or (3).

## INJURIES-IN-FACT AND DAMAGES

43. The FDCPA provides consumers with statutorily created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

44. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which

creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

45. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

46. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, and unfair debt collection practices;

b.) Confusion related to the Defendant's credit reporting practice that adversely impacted the Plaintiff's ability to prioritize debt payments when they were possible;

c.) Disturbance of the Plaintiff's peace and his right to be free of communications from the Defendant despite Plaintiff invoking his right to be free of such;

d.) Plaintiff suffered a violation of his right to privacy.

e.) Anxiety and worry caused by concern that Defendant was going to continue making collection calls to/communicate with the Plaintiff at times that were inconvenient for the Plaintiff;

f.) Uncompensated time expended away from activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and

g.) Anxiety and worry caused by concern that Plaintiff was "missing out" on a substantial settlement opportunity that would shield him from adverse credit reporting. The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect his demeanor, his ability to engage in daily activities, resulted in sleeplessness, and adversely affected his relationships with others.

47. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing.

## CAUSES OF ACTION

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 et. seq.**

*Violations of 15 U.SC. § 1692c and its subparts*

48. The communication from the Defendant of <<insert date>> violated 15 U.S.C. § 1692c(c).

*Violations of 15 U.SC. § 1692e and its subparts*

49. 15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

50. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

51. "The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage. 15 U.S.C. § 1692(e). Section 1692e forbids the use of 'any false, deceptive, or misleading representation or means' in debt collection, and provides a non-exhaustive list of prohibited conduct." *United States v. National Financial Servs.*, 98 F.3d 131, 135 (4th Cir. 1996).

52. "Violations of Section 1692e are viewed from the perspective of the "least sophisticated consumer." *National Financial Servs.*, 98 F.3d at 135-36. "[E]valuating debt collection practices with an eye to the 'least sophisticated consumer' comports with basic consumer-protection principles." *Id.* at 136. The purpose of that standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* at 136 *quoting Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1983). Indeed, its purpose is to protect "naive consumers" with a

minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

53. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

54. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

55. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

56. The Defendant's false representations to the Plaintiff regarding its credit reporting were a violation of 15 U.S.C. §§ 1692e and 1692e(10).

57. The Defendant's false reporting to the three major credit bureaus as to the identity of the party collecting the debt identified herein is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), and 1692e(10).

***Violations of 15 U.SC. § 1692f and its subparts***

58. Defendant's conduct violated 15 U.S.C. § 1692f(1).

## TRIAL BY JURY

59. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

e) Such other and further relief as may be just and proper.

Respectfully submitted this 21st day of November, 2022.


[Signatures Follow]

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*