IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| CHRISTOPHER WILCHER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION FILE NUMBER: |
| v. | : | 1:22-CV-00192-LAG |
| | : | |
| LIVE OAK FINANCIAL, INC. | : | |
| d/b/a CBV COLLECTIONS ALBANY, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S ANSWER AND RESPONSIVE PLEADINGS

COMES NOW, CBV Collections Albany (hereinafter "CBV"), Defendant named in this civil action and responds to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint, in whole or part, fails to state a cause of action upon which relief may be granted.

### SECOND DEFENSE

At all times, CBV's actions with regard to Plaintiff have been in conformity with all applicable law, rules and regulations, and Plaintiff's rights have not been otherwise violated.

### THIRD DEFENSE

CBV specifically denies that it is guilty of the acts, deeds, or other occurrences alleged in the Complaint which would in any way give rise to any claim in favor of the Plaintiff, denies that Plaintiff has any cause of action against CBV for any reason whatsoever, and denies that the Plaintiff is entitled to recover any sum from CBV.

### FOURTH DEFENSE

Plaintiff's damages, if any, are limited by 15 U.S.C § 1692k (a)(2)(A).

**FIFTH DEFENSE**

Plaintiff is not entitled to recover damages under any facts or theories set forth in the Complaint.

**SIXTH DEFENSE**

CBV may not be held liable to Plaintiff because any violation of the Fair Debt Collection Practices Act by CBV, which CBV does not admit, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures by CBV reasonably adapted to avoid such errors, as provided in 15 U.S.C. § 1692k(c).

**SEVENTH DEFENSE**

CBV made no improper contacts, nor any false or misleading representations, nor breached any statutory obligations and did not use false or deceptive means in connection with the collection of the debt at issue or any other debt.

**EIGHTH DEFENSE**

Plaintiff failed to properly serve Plaintiff's complaint as required by Federal Law.

**NINTH DEFENSE**

Some or all of Plaintiffs claims may be barred by the applicable statute of limitations.

**TENTH DEFENSE**
**(RESPONSIVE PLEADING)**

Subject to the foregoing defenses and without waiving any of the same, CBV responds to Plaintiff's Complaint as follows:

**PARTIES**

1.

CBV is without sufficient information to admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint

2.

CBV admits the allegations of paragraph 2 of Plaintiffs' Complaint.

3.

CBV admits the allegations of paragraph 3 of Plaintiffs' Complaint.

## JURISDICTION AND VENUE

4.

CBV admits that Plaintiff purportedly asserts a claim under the Fair Debt Collections Practices Act ("FDCPA"), seeking damages, so that the Court would have jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 2201. Any additional allegations of paragraph 4 of Plaintiff's Complaint are denied.

5.

Upon information and belief, CBV admits the allegations of paragraph 5 of Plaintiff's Complaint.

6.

Upon information and belief, CBV denies the allegations of paragraph 6 of Plaintiff's Complaint.

7.

Upon information and belief, CBV admits the allegations of paragraph 7 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

8.

CBV is without sufficient information to admit or deny the allegations contained in paragraph 8 of Plaintiff's Complaint, therefore the same is denied.

9.

The obligations owed by Plaintiff is a "debt" as defined by 15 U.S.C. § 1692a(5), and therefore CBV admits the allegations of paragraph 9 of Plaintiff's Complaint.

10.

Upon information and belief, CBV admits the allegations of paragraph 10 of Plaintiff's Complaint.

11.

Upon information and belief, CBV admits the allegations of paragraph 11 of Plaintiff's Complaint.

12.

Upon information and belief, CBV admits the allegations of paragraph 12 of Plaintiff's Complaint.

13.

Upon information and belief, CBV admits the allegations of paragraph 13 of Plaintiff's Complaint.

14.

CBV is without sufficient information to admit or deny the allegations contained in paragraph 14 of Plaintiff's Complaint, therefore the same is denied.

15.

CBV is without sufficient information to admit or deny the allegations contained in paragraph 15 of Plaintiff's Complaint, therefore the same is denied.

16.

Upon information and belief, CBV denies the allegations of paragraph 16 of Plaintiff's Complaint.

17.

CBV denies the allegations of paragraph 17 of Plaintiff's Complaint.

18.

CBV denies the allegations of paragraph 18 of Plaintiff's Complaint.

19.

CBV is without sufficient information to admit or deny the allegations contained in paragraph 19 of Plaintiff's Complaint, therefore the same is denied.

20.

CBV is without sufficient information to admit or deny the allegations contained in paragraph 20 of Plaintiff's Complaint, therefore the same is denied.

21.

CBV is without sufficient information to admit or deny the allegations contained in paragraph 21 of Plaintiff's Complaint, therefore the same is denied.

22.

CBV denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

CBV denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

CBV denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

CBV denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

CBV denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

CBV denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

CBV is without sufficient information to admit or deny the allegations contained in paragraph 28 of Plaintiff's Complaint, therefore the same is denied.

29.

CBV admits that the address in the letter is the contact address for CBV but denies any remaining allegations of paragraph 29 of Plaintiff's Complaint.

30.

CBV is without sufficient information to admit or deny the allegations contained in paragraph 30 of Plaintiff's Complaint, therefore the same is denied.

31.

Recital of law to the extent it needs an answer, same is denied.

32.

Recital of law to the extent it needs an answer, same is denied.

33.

Recital of law to the extent it needs an answer, same is denied.

34.

CBV denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.

CBV denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.

Recital of law to the extent it needs an answer, same is denied.

37.

Recital of law to the extent it needs an answer, same is denied.

38.

CBV denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

CBV states that its letter to Plaintiff speaks for itself and therefore same is denied.

40.

CBV states that its letter to Plaintiff speaks for itself and therefore same is denied.

41.

CBV states that its letter to Plaintiff speaks for itself and therefore same is denied.

42.

CBV states that its letter to Plaintiff speaks for itself and therefore same is denied.

**INJURIES-IN-FACT AND DAMAGES**

43.

In Response to paragraph 43 of Plaintiff's Complaint, CBV denies that its action violated § 1692 et. seq. of title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in false, deceptive or misleading practices.  Any additional allegations of paragraph 43 of Plaintiff's Complaint are denied.

44.

Recital of law to the extent it needs an answer, same is denied.

45.

Recital of law to the extent it needs an answer, same is denied.

46.

CBV denies the allegations contained in Paragraph 46 (a), (b), (c), (d), (e), (f) and (g) of Plaintiff's Complaint.

47.

CBV denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

## CAUSES OF ACTION

## COUNT 1

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1962 et. seq.

*Violations of 15 U.S.C. § 1962c and its subparts*

48.

In Response to paragraph 48 of Plaintiff's Complaint, CBV denies that its action violated § 1692 et. seq. of title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in false, deceptive or misleading practices.  Any additional allegations of paragraph 48 of Plaintiff's Complaint are denied.

*Violations of 15 U.S.C. § 1962e and its subparts*

49.

In Response to paragraph 49 of Plaintiff's Complaint, CBV denies that its action violated § 1692 et. seq. of title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in false, deceptive or misleading practices.  Any additional allegations of paragraph 49 of Plaintiff's Complaint are denied.

50.

In Response to paragraph 50 of Plaintiff's Complaint, CBV denies that its action violated § 1692 et. seq. of title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in false, deceptive or misleading practices. Any additional allegations of paragraph 50 of Plaintiff's Complaint are denied.

51.

In Response to paragraph 51 of Plaintiff's Complaint, CBV denies that its action violated § 1692 et. seq. of title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in false, deceptive or misleading practices. Any additional allegations of paragraph 51 of Plaintiff's Complaint are denied.

52.

In Response to paragraph 52 of Plaintiff's Complaint, CBV denies that its action violated § 1692 et. seq. of title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in false, deceptive or misleading practices. Any additional allegations of paragraph 52 of Plaintiff's Complaint are denied.

53.

In Response to paragraph 53 of Plaintiff's Complaint, CBV denies that its action violated § 1692 et. seq. of title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in false,

deceptive or misleading practices. Any additional allegations of paragraph 53 of Plaintiff's Complaint are denied.

54.

Recital of law to the extent it needs an answer, same is denied.

55.

CBV denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.

CBV denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.

CBV denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

***Violations of 15 U.S.C. § 1692f and its subparts***

58.

CBV denies the allegations contained in Paragraph 58 of Plaintiff's Complaint.

**TRIAL BY JURY**

59.

CBV denies any and all remaining allegations of Plaintiff's Complaint and denies that Plaintiff is entitled to judgment or any prayer for relief against CBV as prayed in Plaintiff's Complaint or otherwise. CBV reserves the right to assert an additional and further defense as may be revealed by discovery or otherwise.

WHEREFORE, CBV demands judgment against Plaintiff:

a. Dismissing Plaintiff's Complaint;

b. Denying Plaintiff any statutory damages, actual damages, costs, attorneys' fees, or other litigation expenses, pre-judgment interest or post-judgment interest, and any other relief prayed for by Plaintiff against CBV in this civil litigation;

c. Awarding CBV's expenses of litigation, including its attorneys' fees; and

d. Awarding CBV such other and further relief as this Court may deem just and proper.

Respectfully submitted this 30th day of January 2023.

> GARDNER WILLIS PLAIRE & WILSON, LLP
> *Attorneys for Defendant*
>
> By:  */s/ Smith N. Wilson*
> SMITH N. WILSON
> State Bar No.: 265251

Prepared By:

*/s/ Smith N. Wilson*
Smith N. Wilson
State Bar No. 265251
Gardner Willis Plaire & Wilson, LLP
P. O. Drawer 71788
Albany, Georgia 31708-1788
229-883-2441
smith.wilson@gwspplaw.com

## CERTIFICATE OF SERVICE

GEORGIA, DOUGHERTY COUNTY.

THIS WILL CERTIFY that I have this date served the following with a copy of the within and foregoing DEFENDANT'S ANSWER AND RESPONSIVE PLEADINGS via the Court's CM/ECF filing system and by depositing same in the United States Mail with sufficient postage affixed thereon to assure delivery and addressed to:

> Matthew T. Berry
> Berry & Associates
> 2751 Buford Highway, Suite 600
> Atlanta, GA 30324
> *Attorney for Plaintiff*

This 30th day of January 2023.

> GARDNER WILLIS PLAIRE & WILSON, LLP
> *Attorneys for Defendant*
>
> /s/ Smith N. Wilson
> SMITH N. WILSON
> State Bar No. 265251